**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| ECOLAB USA INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 17cv0394 |
| | § | |
| v. | § | |
| | § | |
| ECHO LABORATORIES, INC., | § | JURY DEMAND |
| | § | |
| Defendant. | § | |

## COMPLAINT

Ecolab USA Inc. ("Ecolab") files this Complaint against Echo Laboratories, Inc. ("Defendant"), alleging as follows based on knowledge, information and belief:

## PARTIES

1. Plaintiff Ecolab is a Delaware corporation having its principal place of business at 370 Wabasha Street North, St. Paul, Minnesota 55102.

2. Defendant Echo Laboratories, Inc. is a Delaware corporation with a business address of 1202 Knoxville Street, San Diego, California 92110.

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT

3. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*. ("Lanham Act"); for deceptive trade practices arising under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 *et seq*.; for trademark dilution under the Minnesota anti-dilution statute, Minn. Stat. § 333.285 *et seq.*; for trademark infringement and unfair competition under the common law of Minnesota; and for unjust enrichment.

4. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Ecolab's claims under state law.

**ECOLAB'S USE AND REGISTRATION OF THE MARK ECOLAB**

5. Ecolab is a global leader in water, hygiene, and energy technologies and services.

6. For over 30 years, Ecolab has continuously used the mark ECOLAB in connection with a wide variety of products and services.

7. Ecolab provides products and services to many types of businesses, including hospitals and other health care providers, pharmaceutical companies, personal care companies, research institutions, and other businesses who utilize laboratories. For example, Ecolab provides drapes (including microscope drapes), covers, cleanroom garb, chemicals, cleaning and disinfection products and programs, regulatory compliance programs, training programs, and technical lab support to such businesses.

8. Ecolab's products and services are promoted and available for purchase online, including directly from Ecolab through its website at ecolab.com.

9. The ECOLAB mark is inherently distinctive and serves to identify and indicate the source of Ecolab's products and services to the consuming public.

10. Additionally, as a result of Ecolab's extensive use and promotion of its ECOLAB mark, the mark has become distinctive and is widely recognized by relevant consumers. Ecolab has invested significant effort and resources in advertising and promoting its ECOLAB mark, and the goods and services sold under that mark, with the result that the purchasing public has come to know, rely on, and recognize the goods and services of Ecolab by that mark. Ecolab has established significant goodwill in its ECOLAB mark.

11. The ECOLAB mark is famous in Minnesota.

12. In addition to its extensive common law rights, Ecolab has registered the ECOLAB mark on the Principal Register of the United States Patent and Trademark Office ("PTO") in accordance with federal law. Ecolab owns numerous U.S. registrations, many of which are incontestable, for its ECOLAB mark covering numerous goods and services. These registrations include, but are not limited to, the registrations shown in the following chart. Each of these registrations is valid and subsisting, and all but the last are incontestable.

| Registration Number | Date Issued | Goods (Excerpts) |
|---|---|---|
| 1,525,025 | 2/21/89 | Dispensers for dispensing liquid, powder, or solid chemicals, detergents, cleansing, and rinsing agents in premeasured amounts |
| 4,001,281 | 7/26/11 | . . . doorway sanitation system to prevent the flow of contaminants from entering and spreading within a facility, comprised primarily of infrared motion sensors, automated dispensing equipment, and sanitizing preparations; . . . face-protection shields; hydrometers; laboratory equipment and supplies, namely, test tubes, beakers, laboratory glassware, burettes, flasks, pipettes, stoppers for laboratory bottles and syringes; . . . protective and respiratory face masks not for medical purposes; protective work gloves; safety goggles . . . |
| 4,001,282 | 7/26/11 | . . . instructional and educational printed cardboard and paper signs for displaying data featuring information regarding proper surgical scrub techniques, hand hygiene, medical instrument reprocessing, and cleaning standards and use of cleaning and sanitizing products; instructional and educational printed cardboard, paper, vinyl, and plastic wall charts for displaying data featuring information regarding proper surgical scrub techniques, hand hygiene, medical instrument reprocessing, and cleaning standards and use of cleaning and sanitizing products . . . |
| 4,014,917 | 8/23/11 | . . . original equipment manufacturing and contract manufacturing services in the field of medical products . . . |
| 4,112,564 | 3/13/12 | Disposable medical utility drapes for covering medical equipment to prevent contamination; disposable patient sheets for medical use in hospitals; disposable plastic medical devices, namely, bags for medical waste, mouth guards, supports for arms, orthopedic cushions, ice bags, and internal administrative apparatus, namely, bags and pumps for fluids control in patients; electric blankets for medical purposes; electrosurgical smoke evacuator; medical devices, namely, gas evacuators in the nature of air filters and |

| Registration Number | Date Issued | Goods (Excerpts) |
|---|---|---|
| | | purifiers; medical devices, namely, inflatable surgical boots and sleeves; medical goods, namely, absorbent pads used as surgical sponges for fluid absorption during medical procedures, absorbent surgical instrument table pads used for fluid absorption during medical procedures, absorbent pads used for fluid absorption during preparation of patient for medical procedures; medical products, namely, point of generation encapsulation and antimicrobial medical waste treatment containment devices to be attached to suction canisters for treating and solidifying medical waste; disposable headrest covers for medical and dental examination chairs; surgical arm rest covers; surgical shoe covers; human face protectors, namely, transparent face shields for use in the medical and dental fields; orthopedic cushions, radiology drapes, surgical drapes, surgical gowns and gloves, containers for medical waste; sterilization units for medical purposes; medical products, namely, infection control kits for surgical use comprised of disposable packs containing disposable mop heads, disposable non-sterile linens, and drapes for the surgical table; bags for containing biohazardous medical waste; medical goods, namely, non-woven wraps to sterilize medical instruments and supplies; medical goods, namely, pneumatic compression controller for cyclically inflatable surgical devices; medical radiation shields sold as an integral component of surgical patient drapes; resuscitation apparatus; surgical instruments for use in orthopedic surgery, namely, trays, orthopedic brushes, orthopedic suction wands, implantable cement restrictors, cement sculpts, sponges and rods for cement restrictors; surgical kits consisting primarily of laryngopharyngeal tube, tube clamp, securing strap and tongue depressor; surgical lamp handles and disposable sterile covers for surgical lamp handles; surgical microscope drapes and adapter rings for attachment to the drapes; vacuum splints for medical purposes; wound suction apparatus |

True and correct copies of these registrations are attached as Exhibit A.

## DEFENDANT'S UNLAWFUL ACTIVITIES

13. Defendant makes and sells microscopes under the mark ECHO LABORATORIES and trade name Echo Laboratories, Inc. ("Defendant's Marks").

14. Defendant's products are offered for sale on Defendant's website at echo-labs.com, on which customers can configure and purchase products directly.

15. Defendant filed two trademark applications at the United States Patent and Trademark Office (the "Applications") to register the mark ECHO LABORATORIES as a standard character mark (Serial No. 86/730,526) as well as in the design format shown below (Serial No. 86/781,169):

ECHO LABORATORIES

The Applications cover "Automated microscope and operating software sold as a unit for use in laboratory operations; Microscopes; Microscopes and parts thereof; Zoom microscopes" in Class 9. Ecolab has timely opposed Defendant's Applications.

16. Defendant's Marks are confusingly similar to Ecolab's ECOLAB mark. Defendant's Marks comprise the term ECHO, which is visually and aurally similar to the term ECO in Ecolab's ECOLAB mark, and the term LABORATORIES, which is merely the unabbreviated form of the term LABS. Defendant's Marks are often shortened to "ECHO LABS" by the press and by Defendant itself, and Defendant uses "echo-labs.com" as its website address

17. Defendant's products travel through the same or similar channels of trade as the products sold by Ecolab under its ECOLAB mark, and are sold to the same or similar types of consumers.

18. Defendant is using Defendant's Marks in Minnesota and U.S. commerce.

19. Defendant began using Defendant's Marks long after Ecolab began using and registered the ECOLAB mark, and long after the ECOLAB mark became famous in Minnesota.

20. Defendant's use of Defendant's Marks in this manner is not authorized or endorsed by Ecolab in any way. Ecolab has notified Defendant of its rights in the ECOLAB mark and Defendant's infringement and dilution, but Defendant has continued its use of Defendant's Marks.

**EFFECT OF DEFENDANT'S ACTIVITIES ON ECOLAB AND THE CONSUMING PUBLIC**

21. Defendant's unauthorized use of Defendant's Marks in the manner described above is likely to cause confusion, to cause mistake, and/or to deceive the parties' customers and consumers, at least as to some affiliation, connection, or association between Defendant and Ecolab or its ECOLAB brand, or as to the origin, sponsorship, or approval of Defendant's products and services by Ecolab or its ECOLAB brand.

22. Defendant's unauthorized use of Defendant's Marks falsely designates the origin of Defendant's products and services, and falsely and misleadingly describes and represents facts with respect to Defendant and its products and services.

23. Defendant's unauthorized use of Defendant's Marks enables it to trade on and receive the benefit of goodwill built up at great labor and expense by Ecolab over many years, and to gain acceptance for its products not solely on their own merits, but on the reputation and goodwill of Ecolab, the ECOLAB mark, and Ecolab's products and services.

24. Defendant's unauthorized use of Defendant's Marks causes dilution of the distinctive quality of Ecolab's famous ECOLAB mark in Minnesota.

25. Defendant's unauthorized use of Defendant's Marks unjustly enriches Defendant at Ecolab's expense.

26. Defendant's unauthorized use of Defendant's Marks removes from Ecolab the ability to control the nature and quality of products provided under the ECOLAB mark (or marks likely to be associated with the ECOLAB mark), and places the valuable reputation and goodwill of Ecolab in the hands of Defendant, over whom Ecolab has no control.

27. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Ecolab and to the public for which there is no adequate remedy at law.

**COUNT I: FEDERAL TRADEMARK INFRINGEMENT**

28. Ecolab repeats the allegations above as if fully set forth herein.

29. The acts of Defendant complained of herein constitute infringement of Ecolab's federally registered ECOLAB mark in violation of 15 U.S.C. § 1114(1).

**COUNT II: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

30. Ecolab repeats the allegations above as if fully set forth herein.

31. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**COUNT III: DECEPTIVE TRADE PRACTICES**

32. Ecolab repeats the allegations above as if fully set forth herein.

33. The acts of Defendant complained of herein constitute deceptive trade practices in violation of Minn. Stat. § 325D.43 *et seq*.

34. Pursuant to Minn. Stat. § 325D.45, Ecolab is entitled to recover its costs and attorneys' fees.

**COUNT IV: UNLAWFUL TRADE PRACTICES ACT**

35. Ecolab repeats the allegations above as if fully set forth herein.

36. The cause of action set forth herein arises under the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 et seq.

37. Defendant's activities complained of constitute violations of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 et seq.

**COUNT V: DILUTION UNDER MINNESOTA LAW**

38. Ecolab repeats the allegations above as if fully set forth herein.

39. The acts of Defendant complained of herein constitute trademark dilution in violation of the anti-dilution statute of Minnesota, Minn. Stat. § 333.285.

**COUNT VI: TRADEMARK INFRINGEMENT UNDER THE COMMON LAW OF MINNESOTA**

40. Ecolab repeats the allegations above as if fully set forth herein.

41. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of Minnesota.

**COUNT VII: UNFAIR COMPETITION UNDER THE COMMON LAW OF MINNESOTA**

42. Ecolab repeats the allegations above as if fully set forth herein.

43. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of Minnesota.

**COUNT VIII: UNJUST ENRICHMENT**

44. Ecolab repeats the allegations above as if fully set forth herein.

45. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at Ecolab's expense.

46. Ecolab has been damaged by Defendant's acts of unjust enrichment.

## COUNT IX: REFUSAL OF REGISTRATION

47. Ecolab repeats the allegations above as if fully set forth herein.

48. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant's right to registration of Defendant's Marks.

49. Defendant's Marks, the subject of Defendant's Applications, so resemble Ecolab's ECOLAB mark as to be likely to cause confusion, or to cause mistake, or to deceive. Registration should therefore be refused under 15 U.S.C. § 1052(d).

## DEMAND FOR RELIEF

WHEREFORE, Ecolab demands that:

(a) Defendant, its agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using Defendant's Marks, and any other mark that is not at least a safe distance away from, or otherwise confusingly similar to or diluting of, Ecolab's ECOLAB mark, and from any attempt to retain any part of the goodwill misappropriated from Ecolab;

(b) Defendant be ordered to file with this Court and to serve upon Ecolab, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

(c) Ecolab recover all damages it has sustained as a result of Defendant's activities and that said damages be trebled;

(d) An accounting be directed to determine Defendant's profits resulting from its activities complained of herein, and that such profits be paid over to Ecolab, increased as the Court finds to be just under the circumstances of this case;

(e) Ecolab recover its reasonable attorneys' fees;

(f) Ecolab recover its costs of this action and prejudgment and post-judgment interest;

(g) The Court determine that Defendant is not entitled to registration of Defendant's Marks, and certify an order to the Director of the PTO pursuant to 15 U.S.C. § 1119 refusing registration of Application Serial Nos. 86/730,526 and 86/781,169 with prejudice, who shall make appropriate entry upon the records of the PTO and shall be controlled thereby; and

(h) Ecolab recover such other relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to FED. R. CIV. P. 38, Ecolab demands a jury trial on all issues in this case triable of right by a jury.

Respectfully submitted,

DATED: February 6, 2017

By s/ Scott W. Johnston
Scott W. Johnston, #247558
Gregory Golla, #267892
MERCHANT & GOULD P.C.
80 South Eighth Street, Suite 3200
Minneapolis, Minnesota 55402-2215
Telephone: (612) 332-5300
sjohnston@merchantgould.com
ggolla@merchantgould.com

Of Counsel:
William G. Barber
Elizabeth Stafki
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120

Austin, TX 78701
(512) 322-5200
bbarber@pirkeybarber.com
estafki@pirkeybarber.com

**ATTORNEYS FOR PLAINTIFF ECOLAB USA INC.**